```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
HEALTHCARE    ADVANCED    RISK
TECHNOLOGIES, INC. and INSPIRIEN
HOLDING CORP.,                              ORDER
                                            22-CV-4192(JS)(AYS)
                Plaintiffs,

     -against-

TERENCE MILLS, AI.IO CORP., JANE
NEMCOVA, and VEUU, INC.,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiffs:      Adam Wolek, Esq.
                     Matthew Krueger-Andes, Esq.
                     Dominique J. Carroll, Esq.
                     Fox Rothschild LLP
                     321 N. Clark St., Suite 1600
                     Chicago, Illinois 60654


For Defendants:      Eric Corey Weissman, Esq.
                     Martin R. West, Esq.
                     Geoggrey William Heineman, Esq.
                     Ropers Majeski P.C.
                     750 Third Avenue, 25th Floor
                     New York, New York 10017
```

SEYBERT, District Judge:

The Court conducted a status conference today, August 4, 2022, to discuss certain issues presented in the parties' filings related to Plaintiffs' motions for a preliminary injunction and expedited discovery, as well as Defendants' motion to vacate Judge Shields' July 21, 2022 Order. (See PI Mot., ECF No. 7; Expedited Disc. Mot., ECF No. 8; Mot. Vacate, ECF No. 11). This Order contains a summary of the rulings issued during today's conference.

Judge Shields' July 21, 2022 Order (the "July 21 Order") granted Plaintiffs' motion for expedited discovery. The next day, Defendants moved to vacate the July 21 Order, arguing, inter alia, they had not been properly served. Over Plaintiffs' objection, on July 27, 2022, this Court held the July 21 Order in abeyance pending the outcome of today's conference. For the foregoing reasons and for the reasons stated on the record, the Court GRANTS Defendants' motion to vacate. First, jurisdiction over Defendants was lacking at the time the July 21 Order was issued because Defendants had not yet been served with the summonses and Complaint. Courts within the Second Circuit routinely deny motions that seek discovery from parties who have not been served. See, e.g., Morales v. Technic Mgmt., Inc., No. 22-CV-2376, 2022 WL 2132633, at *2 (E.D.N.Y. May 23, 2022) (Wicks, M.J.).

Second, the July 21 Order was issued ex parte. Although Local Rule 6.1(d) permits such an order to be issued ex parte, the movant must make a "clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary" and "state whether a previous application for similar relief has been made." It was not until after Defendants' motion to vacate was filed that Plaintiffs feigned compliance with Local Rule 6.1(d). Particularly, Plaintiffs claimed the Rule's affidavit requirement was met because the expedited discovery motion relied upon the Margaret Nekic

Declaration ("Nekic Declaration") Plaintiffs submitted in support of the preliminary injunction motion. (See Nekic Decl., ECF No. 7-2.) Although the Nekic Declaration evinces the allegations in the Complaint in support of the preliminary injunction motion, the Declaration is silent as to why ex parte relief for the expedited discovery motion is necessary and fails to demonstrate the "clear and specific showing" required under the Local Rules. Accordingly, the Court VACATES the July 21 Order and DENIES Plaintiff's expedited discovery motion without prejudice to renew before Judge Shields. The Court expects counsel to continue to meet and confer in accordance with their obligations pursuant to Local Rule 37.3.

In addition, the Court ordered the parties to conduct jurisdictional discovery with respect to Defendant Nemcova as well as expert discovery pertaining to the similarities of the parties' technologies, including source codes. The Court respectfully refers the parties to Judge Shields for a status conference to discuss the implementation of a schedule with respect to this jurisdictional and expert discovery, and potentially other expedited discovery if appropriate, for purposes of the preliminary injunction motion. Within one week of the parties' conference with Judge Shields, counsel shall submit a proposed briefing schedule for the preliminary injunction motion. Thereafter, the Court will schedule a hearing on the motion.

3

```
                                     SO ORDERED.


                                     /s/ JOANNA SEYBERT
                                     Joanna Seybert, U.S.D.J.


Dated: August 4, 2022
       Central Islip, New York
```